Dear Representative Calvey,
¶ 0 This office has received your request for an official Attorney General Opinion asking, in effect, the following questions:
1. Is it a conflict of interest for an elected city official tovote on a city contract with a private entity which employs thatcity official, when the city official has no proprietary interestin the private entity, and the city official's compensation isnot paid out of any funds received by the private entity from thecity?
2. If so, can the conflict of interest be avoided, if the cityofficial recuses himself or herself from any vote concerningpayment of city funds to the private entity?
 I.
¶ 1 To answer your questions, it is appropriate to begin with a review of the pertinent portion of the conflict of interest statute in the Oklahoma Municipal Code at 11 O.S. Supp. 2000, §8-113[11-8-113]:[1]
 A. Except as otherwise provided by this section, no municipal officer or employee, or any business in which the officer, employee, or spouse of the officer or employee has a proprietary interest, shall engage in:
 1. Selling, buying, or leasing property, real or personal, to or from the municipality;
2. Contracting with the municipality; or
 3. Buying or bartering for or otherwise engaging in any manner in the acquisition of any bonds, warrants, or other evidence of indebtedness of the municipality.
Id.
¶ 2 This statute determines conflicts based on whether a proprietary interest exists. The constitutional conflict of interest provision found in the Oklahoma Constitution at Article10, Section 11 is broader than this statute:
 The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes shall be deemed a felony. Said offense shall be punished as may be prescribed by law, a part of which punishment shall be disqualification to hold office.
Id.
¶ 3 The constitutional prohibition is plain and unconditional. No city official may receive, directly or indirectly, any interest, profit, or perquisite that arises from the use of public funds in his hands. A conflict of interest exists when a city official has any interest that arises from the use of city funds by a private entity even if the city official does not have a proprietary interest in the private entity, and even if the city official's compensation is not paid out of any funds received by the private entity from the city.
¶ 4 In examining a statute where a public officer is prohibited from having an interest directly or indirectly in any contract, a New York court stated:
 The interest need not, however, be one directly flowing from the contract itself. . . . The general welfare and prosperity of the company of an officer may be an "interest" therein.
. . . .
 Absence of financial return during the period of such public service is not a complete answer to the sweeping prohibition of the statute.
 An interest "directly or indirectly" in a contract may include an interest the fruition of which is postponed or implicit as well as one which is immediate and in stated terms.
Yonkers Bus, Inc. v. Maltbie, 23 N.Y.S.2d 87, 90-91
(N.Y.Sup.Ct. 1940) (citations omitted).
¶ 5 Even if the city official's compensation is not paid out of any funds received by the private entity from the city, the city official could have an interest in the city funds if the private entity could not survive without the city funds or if the city funds have a relationship to the funds that are used for the city official's compensation (i.e., matching funds for grants, etc.). Whether a city official has an interest that arises from the use of city funds is a question of fact that is beyond the scope of an Attorney General's Opinion. 74 O.S. Supp. 2000, § 18b(A)(5). Since there are criminal penalties for violating the constitutional provision (felony with punishment including disqualification from office), the provision must be strictly construed against the State and in favor of the city official.Evans v. Trimble, 746 P.2d 680, 683 (Okla.Crim. 1987) (citation omitted).
 II.
¶ 6 You next ask whether the conflict of interest can be avoided if the city official recuses himself or herself from any vote concerning payment of city funds to the private entity. Since Oklahoma Constitution Article 10, Section 11, is a prohibition against receipt of interest, profit, or perquisites, not voting, recusal does not cure a conflict of interest. Pursuant to Section 11, if a conflict of interest exists, it cannot be avoided by any means.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Pursuant to Article 10, § 11 of the Oklahoma Constitution, itis a conflict of interest for an elected city official to have aninterest that arises from the use of city funds by a privateentity, even if the city official does not have a proprietaryinterest in the private entity, and even if the city official'scompensation is not paid out of any funds received by the privateentity from the city. Whether such an interest exists is aquestion of fact which is beyond the scope of an Attorney GeneralOpinion. 74 O.S. Supp. 2000, § 18b(A)(5).
2. Pursuant to Article 10, § 11 of the Oklahoma Constitution, ifa conflict of interest exists, it cannot be avoided by anyrecusal or other means.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LISA G. BAYS ASSISTANT ATTORNEY GENERAL
[1] This Opinion does not address the constitutionality of this statute.